**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

WILLIAM F. CARADINE/ASSABUR                                                                PLAINTIFF
ADC #90785

v.                                      NO. 5:11CV00204 JLH/HDY

HUDGENS, Maintenance Supervisor,
Varner Unit, Arkansas Dept. of Correction                                                  DEFENDANT

## ORDER

Plaintiff William F. Caradine/Assabur, currently incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction, filed a *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on August 8, 2011. Plaintiff did not pay the $350.00 filing fee, or file an application for leave to proceed *in forma pauperis*. Because the fee was not paid and Plaintiff is not entitled to *in forma pauperis* status, his complaint must be dismissed.

Under the three-strikes provision of the Prison Ligation Reform Act ("PLRA"), the Court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had at least three prior civil actions dismissed as frivolous, malicious, or for failure to

state a claim upon which relief may be granted.[1]  Plaintiff's three strikes have been previously recognized.[2]  The Court also finds, based on the allegations of Plaintiff's present complaint, that he is not in imminent danger of serious physical injury.  Specifically, Plaintiff seeks compensation for his discomfort and illness due to poorly controlled air temperature in January of 2011.  The facts alleged do not describe imminent danger of serious physical injury.[3]

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.  Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the entry date of this order, along with a motion to reopen the case.  Upon receipt of the motion and full payment, this case will be reopened.

2. The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this 10th day of August, 2011.

*/s/ J. Leon Holmes*
UNITED STATES DISTRICT JUDGE

---

[1] *See Caradine/Assabur v. University of Arkansas for Medical Sciences et al.*, 4:10CV1960, docket entry #8 (E.D. Ark. January 4, 2011); *Caradine/Assabur v. Social Security Admin.*, 4:10CV1961, docket entry #10 (E.D. Ark. January 11, 2011); *Caradine/Assabur v. Little Rock Police Dep't*, 4:10CV1962, docket entry #11 (E.D. Ark. January 12, 2011).

[2] *See Caradine/Assabur v. Reynolds*, 5:11CV33, docket entry #4 (E.D. Ark. March 16, 2011).

[3] Attachments to Plaintiff's complaint appear to reference unrelated medical concerns, including allegations made in connection with an incident in June of 2011.  However, Defendant Hudgens, a maintenance supervisor, had no role in the medical care.